1  Theodore F. Monroe (SBN 150317)
2  **LAW OFFICES OF THEODORE F. MONROE**
   801 South Figueroa Street, 12th Floor
3  Los Angeles, California 90017
   Tel: (213) 233-2272 / Fax: (213) 622-1444
4  monroe@tfmlaw.com

5
   Reza Sina  (SBN 250428)
6  **SINA LAW GROUP**
7  801 South Figueroa Street, 12th Floor
   Los Angeles, California 90017
8  Tel: (213) 417-3661 / Fax: (877) 341-5578
9  reza@sinalawgroup.com

10 Steven S. Derelian (SBN 256054)
   **LAW OFFICES OF STEVEN S. DERELIAN**
11 225 South Lake Avenue, 10th Floor
   Pasadena, California  91101
12 Tel: (626) 683-8869 / Fax: (626) 683-8870
13 sarklaw@gmail.com

14 Attorneys for Plaintiff Reparata Mazzola
   on Behalf of herself and All Others Similarly Situated
15
                    **UNITED STATES DISTRICT COURT**
16
                 **CENTRAL DISTRICT OF CALIFORNIA**
17

18 REPARATA MAZZOLA, on Behalf        CASE NO.
   of herself and All Others Similarly
19 Situated, and the General Public and   CV10    5954
   Acting in the Public Interest,          **CLASS ACTION COMPLAINT FOR:**
20
                    Plaintiff,           **1. BREACH OF CONTRACT;**
21
                       vs.               **2. FRAUD;**
22
   ROOMSTER CORP., a New York          **3. NEGLIGENT**
23 Corporation; JOHN S. SHRIBER, an       **MISREPRESENTATION;**
   individual, ROMAN ZAKS, an
24 individual; and Does 1-10, inclusive, **4. VIOLATION OF THE CONSUMER**
                                            **LEGAL REMEDIES ACT (CIV.**
25                  Defendants.             **CODE § 1750 *ET SEQ.*);**

26                                       **5. UNLAWFUL BUSINESS**
                                            **PRACTICES (BUS. & PROF. CODE**
27                                          **§§ 17200, *ET SEQ.*); AND**

28                                       **JURY TRIAL DEMANDED**

---
- 1 -
---

1    Plaintiff, on behalf of herself and all others similarly situated, based on

2    information and belief, states as follows for her complaint:

3                              **NATURE OF THE ACTION**

4           1.    Plaintiff REPARATA MAZZOLA ("Plaintiff") brings this class action

5    to recover damages and other relief on behalf of herself and the Classes who were all

6    deceived by Defendants ROOMSTER CORP.'s dba Roomster.com, JOHN S.

7    SHRIBER and ROMAN ZAKS (collectively, "Roomster" or "Defendants") scheme

8    which induced Plaintiff and the Classes to signup for Roomster's housing rental

9    services at Roomster.com but were all subjected to hidden charges, unwanted

10   services and fraudulent billing practices.

11          2.    Specifically, Defendants uniformly promote and advertise for sale

12   memberships to their website, Roomster.com, for certain housing rental services at a

13   low price.   For instance, Defendants advertise and promote that for just $5.95,

14   consumers could purchase a three day membership to Roomster.com.[1]  As it turns

15   out, however, the Defendants engaged in a deceptive and fraudulent billing scheme

16   to defraud consumers by (1) engaging in an continuity billing plan without adequate

17   disclosures to the consumers which include the price, duration, and term of the

18   membership, (2) failing to send written communications of the terms and conditions

19   to consumers of the terms and conditions, (3) failing to provide a means to

20   meaningfully cancel the continuity plan and (4) continuing to bill consumers after

21   being informed that the consumers wished to cancel.

22          3.    Plaintiff and the Classes purchased memberships to Roomster.com in

23   reliance on Defendants' promotion and advertisement that the cost was only $5.95

24   for a 3-day membership. After the end of the three days, however, the memberships

25   were automatically renewed for a month at the price of $29.95 and Plaintiff and the

26   ────────────────

27   [1]   Defendants also provide two-week memberships for $14.95 and four-week

     memberships for $29.95, both of which suffer from the same fraudulent and unfair business

28   practices. The $5.95 membership is the primary bait.

Classes continued to be billed $29.95 on a monthly basis and were unable to cancel their memberships through Roomster.   Hence, Plaintiff and the Classes were subjected to continuity billing, not able to cancel the membership even though its term expired, and charged additional inadequately disclosed fees.

4.      As a result, Plaintiff brings this class action to recover the damages due Plaintiff and the following Classes:

**General Class**:  *All persons or entities who, in the last four years, purchased a membership to Roomster.com and were charged fees in excess of the advertised membership price.*

**California Subclass**:  *All persons or entities who are or were residents of the State of California and, in the last four years, purchased a membership to Roomster.com and were charged fees in excess of the advertised membership price.*

## PARTIES

5.      Plaintiff REPARATA MAZZOLA ("Plaintiff") is a resident of the State of California, County of Los Angeles.  In September 2009, Plaintiff purchased a Roomster.com membership for the advertised price of $5.95 but was subsequently charged additional fees, subjected to continuity billing, unable to cancel the membership past its term, and incurred undisclosed charges.

6.      Defendant ROOMSTER CORP. dba Roomster.com ("Roomster" or "Defendants") is a corporation organized under the laws of the State of New York with its principal place of business in New York and doing business throughout the State of California.

7.      Based on information and belief, Defendant JOHN S. SHIRBER is a resident of the State of New York.  At all relevant times, SHIRBER was a principal, officer, owner or managing agent of Roomster.  SHRIBER is doing business as Roomster and Roomster is an alter ego of SHRIBER in that there is such a unity of interest between the Roomster and SHRIBER that they are indistinguishable from one another. Facts in support of this contention include Roomster is inadequately

1   capitalized and staffed, does not have a registered agent for service of process, and

2   (based on information and belief) does not have a public physical address. As such,

3   an inequitable result would occur if SHIRBER and Roomster are not treated as one

4   and the same.

5       8.    Based on information and belief, Defendant ROMAN ZAKS is a

6   resident of the State of New York.  At all relevant times, ZAKS was a principal,

7   officer, owner or managing agent of Roomster.  ZAKS is doing business as

8   Roomster and Roomster is an alter ego of ZAKS in that there is such a unity of

9   interest between the Roomster and ZAKS that they are indistinguishable from one

10  another. Facts in support of this contention include Roomster is inadequately

11  capitalized and staffed, does not have a registered agent for service of process, and

12  (based on information and belief) does not have a public physical address. As such,

13  an inequitable result would occur if ZAKS and Roomster are not treated as one and

14  the same.

15      9.    Defendants DOES 1 through 10, inclusive, are sued herein under

16  fictitious names.  Their true names and capacities are unknown to Plaintiff at this

17  time.  When their true names and capacities are ascertained, Plaintiff will amend this

18  complaint by inserting their true names and capacities herein.  Plaintiff is informed

19  and believes and thereon alleges that each of the fictitiously named Defendants is

20  responsible in some manner for the occurrences herein alleged, and that Plaintiff's

21  damages as herein alleged were proximately caused by those Defendants.   Each

22  reference in this complaint to "defendants," "Defendants," or a specifically named

23  Defendant refers also to all Defendants sued under fictitious names.

24      10.   Plaintiff is informed and believes and thereon alleges that each of the

25  defendants designated herein as DOE took part in and participated with Defendants

26  in all matters referred to herein and was in some manner responsible for the injuries

27  and losses suffered by Plaintiff.

28

11.    Plaintiff is informed and believes and thereon alleges that at all times herein mentioned each of the Defendants was the agent, servant and/or employee or occupied other relationships with each of the other named Defendants and at all times herein mentioned acted within the course and scope of said agency and/or employment and/or other relationship and each other Defendants has ratified, consented to, and approved the acts of his agents, employees, and representatives, and that each actively participated in, aided and abetted, or assisted one another in the commission of the wrongdoing alleged in this Complaint.

## JURISDICTION AND VENUE

12.    Jurisdiction is proper in this case on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332(d), in that Plaintiff is a resident of the State of California, and Defendants are residents of New York. The aggregate amount in controversy exceeds $5,000,001.

13.    Venue is proper pursuant to 28 U.S.C. § 1391(a) because Defendants are subject to personal jurisdiction in this district as it conducts substantial interactive internet based business with California consumers, and because a substantial part of the acts, conduct, events or omissions occurred within the State of California, within the County of Los Angeles.  There is no other venue in the United States that would be more appropriate for this action than Los Angeles County.

## FACTUAL BACKGROUND

**A.    Defendants Advertise and Promote Roomate Seeking Services.**

1.    Defendants uniformly promote and advertise for sale memberships to its website, Roomster.com, for certain housing rental services at a low price. Defendants boast that it provides "apartment renters, seekers, roommates, and room renters an opportunity to locate and speak to one another in a known, trusted environment."

2.    Defendants provide two types of memberships: a free Basic Membership and a paid-for Full Membership.

- 5 -

3.     Defendants advertise and promote that for just $5.95, consumers could purchase a "3 days of full access" to Roomster.com, a two-week membership for $14.95, and a four-week membership for $29.95.

4.     Defendants advertise and promote that consumers can cancel their membership at anytime. Defendants' marketing materials provide:

> To close your account, click the "close account" button located under the "my account" tab found on your logged in home page. As soon as you close your account, your profile is no longer available to be viewed by other Roomster members. Once you close a Full Membership account, you will not incur additional fees for that account.

**B.     Defendants' Deceptive and Fraudulent Business Practices.**

14.     As it turns out, however, the Defendants engaged in a deceptive and fraudulent billing scheme to defraud consumers by (1) engaging in an continuity billing plan without adequate disclosures to the consumers which include the price, duration, and term of the membership, (2) failing to send written communications of the terms and conditions to consumers of the terms and conditions, (3) failing to provide a means to meaningfully cancel the continuity plan and (4) continuing to bill consumers after being informed that the consumers wished to cancel.

**1.     Fraudulent Continuity Billing Plan.**

5.     Defendants defrauded the consumers not disclosing the essential terms and conditions in a clear and conspicuous (prominent) manner in close proximity to the ordering instructions on its website before taking the credit card information from the consumer.

6.     Although Defendants could have used a number of simple features to make these disclosures easy for the consumers to find, easy to read, and easy to understand, they did not.   Instead, Defendants buried the essential terms and conditions on another page that required the consumer to click on the terms and conditions and then read the *five-page* document with *size 10 font* to ascertain them.

- 6 -
CLASS ACTION COMPLAINT

7.     Defendants systematically and part of an established pattern and practice failed (and continue to fail) to disclose in a clear and conspicuous manner include the following essential terms and conditions:

a.     A description of the billing procedure, including the total cost to be charged to the consumer's credit card each month.   Based upon Defendants' prominent disclosures, consumers expected a onetime charge, such as $5.95 charge for a 3-day membership, that would not recur. Instead, Defendants' true billing procedure involved billing consumers $29.95 each month starting on day 4 of the membership.

b.     The fact that Roomster would automatically convert the membership without any further action by the consumer.  For instance, the 3 day membership automatically, converted into a 30 day membership without further action by the consumer on day 4.

c.     The billing would continue indefinitely until cancelled by the consumer.

d.     A description of the terms and conditions, and the procedures by which consumers could cancel further billing.

8.     The consumer must give his or her "expressed consent" (silence cannot be construed as expressed consent) to these above material terms and conditions of the program, which the marketer must convey to the consumer prior to taking an order.   Without making these disclosures, consumers cannot have a clear understanding of their rights and obligations and cannot give his or her informed express consent.

### 2.     Failing to Send Any Email or Other Written Communication Setting Forth the Essential Terms and Conditions.

9.     Defendants defrauded consumers by failing    send any written communication (an email) to the consumers setting forth, at a minimum, the conditions and terms of the continuity program (including those terms set forth above), as well as how a consumer could cancel further billing.

### 3.   Failing to Provide a Means to Cancel.

10.   Defendants defrauded the consumers by failing to provide consumers with a means to cancel their participation in the continuity program. The consumer should have received a clear description of how to cancel further billing. This description should include a telephone number (preferably toll free), an e-mail address, or a street address or post office box to which the consumer could written, in order to notify the seller of the cancellation.

### 4.   Failing to Cease Billing When Notified.

**11.**   Once the consumer notified Defendants of his or her cancellation, Defendants did not cease and billing immediately.   If, for any reason, the consumer acts on his or her right to cancel, the marketer must cancel the consumer's membership immediately. Roomster repeatedly failed to do so.

### C.   Plaintiff and the Classes Were Deceived by Defendants.

12.   Plaintiff and the Classes purchased memberships to Roomster.com based and in reliance on Defendants' promotion and advertisement that the cost was only $5.95 for "3 days of full access," $14.95 for two-weeks or $29.95 for four weeks.

13.   In September 2009, Plaintiff searched the internet and found Roomster.com. Roomser.com was advertised as, "sign up is free."

14.   On or about September 29, 2009, Plaintiff "signed up" with Roomster.com, after having answered several pages of questions about her house description and filled out an extensive compatibility profile.

15.   To Plaintiff's great surprise, the last page directed her to a credit card entry. Defendants' website advertised and promoted that for just $5.95, Plaintiff would receive "3 days of full access."

16.   Having already spent a considerable amount of time "signing up," and based on the offer of $5.95 for a membership, Plaintiff decided that a 3-day pass would suit her needs and she purchased a 3-day membership.

17.    Defendants systematically and part of an established pattern and practice continued to charge Plaintiff's credit card hidden fees. On or about October 2, 2009 (day 4 of the membership), Defendants charged Plaintiff a fee of $29.95 for services that were not wanted, bargained for nor of any benefit to Plaintiff.

18.    On or about November 2, 2009, Defendants, once again, charged Plaintiff a fee of $29.95 for services that were not wanted, bargained for or of any benefit to Plaintiff.

19.    On or about December 2, 2009, Defendants, once again, charged Plaintiff a fee of $29.95 for services that were not wanted, bargained for or of any benefit to Plaintiff.

20.    Plaintiff noticed the charges in December 2009 and contacted her credit card company to discontinue the charges.

21.    Nowhere in the "sign up" process was Plaintiff clearly and conspicuously informed any of the following essential material terms and conditions:

a.    A description of the billing procedure, including the total cost to be charged to the consumer's credit card each month.  Based upon Defendants' prominent disclosures, consumers expected a onetime charge, such as $5.95 charge for a 3-day membership, that would not recur. Instead, Defendants' true billing procedure involved billing consumers $29.95 each month starting on day 4 of the membership.

b.    The fact that Roomster would automatically convert the membership without any further action by the consumer.  For instance, the 3 day membership automatically, converted into a 30 day membership without further action by the consumer on day 4.

c.    The billing would continue indefinitely until cancelled by the consumer.

d.    A description of the terms and conditions, and the procedures by which consumers could cancel further billing.

22.   Had Plaintiff known the true facts (that she would be charged additional fees, subjected to continuity billing and unable to cancel membership), Plaintiff would not have purchased a membership from Defendants and would not have provided her credit card information to Defendants.

23.   Defendants' conduct of charging Plaintiff additional fees, subjecting her to continuity billing and obstructing her attempts at canceling the membership was not an isolated incidence.  Plaintiff is informed and believes that other consumers whom purchased 3-day, two-week, and four-week memberships from Defendants were also charged additional fees, subjected to continuity billing and unable to cancel.

24.   In fact, Defendants' conduct of charging Plaintiff additional fees, subjecting her to continuity billing and obstructing her attempts at canceling the membership was systematic and part of Defendants' pattern and practice of promoting Roomster.com without any intent clearly and conspicuously disclosing the essential material terms and conditions.

25.   Defendants knew or should have known that Plaintiff and members of the Classes would rely, and did in fact rely, on Defendants' advertisements and promotions of offering "3 days of full access" to Roomster.com for $5.95, or two-weeks for $14.95 and four-weeks for $29.95—all without any further obligations.

26.   To date, Defendants have not corrected the their marketing materials, which continue to advertise memberships for a set term at a set price, but fail to clearly and conspicuously inform the consumer that he/she will be subjected to continuity billing, unable to cancel the membership, and charged additional inadequately disclosed fees.

27.   To date, consumers continue to be defrauded and misled by Defendants.  Plaintiff was, in fact, misled and defrauded by Defendants.

28.   Plaintiff and the Classes performed all obligations and conditions required of them.

## CLASS ALLEGATIONS

29.   <u>Description of the Class</u>:  Plaintiff brings this Class action on behalf of herself and the Classes defined as follows:

> **General Class**:  *All persons or entities who, in the last four years, purchased a membership to Roomster.com and were charged fees in excess of the advertised membership price.*

> **California Subclass**:  *All persons or entities who are or were residents of the State of California and, in the last four years, purchased a membership to Roomster.com and were charged fees in excess of the advertised membership price.*

30.   Excluded from the Classes are governmental entities, any entity in which Defendants have a controlling interest, and Defendants' officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns.  Also excluded from the Classes is any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

31.   Plaintiff reserves the right to modify the Classes' description and the Classes' period based on the results of discovery.

32.   <u>Numerosity</u>:  The proposed Classes are so numerous that individual joinder of all its members is impracticable.  As the factual allegations demonstrate, thousands of persons are members of the Classes.  While the exact number and identities of the members of the Classes are unknown at this time, such information can be ascertained through appropriate investigation and discovery.  The disposition of the claims of the members of the Classes in a single class action will provide substantial benefits to all parties and to the Court.

33.   <u>Common Questions of Law and Fact Predominate</u>:  There are many questions of law and fact common to the representative Plaintiff and the Classes, and those questions substantially predominate over any questions that may affect

CLASS ACTION COMPLAINT

1    individual Class members.  Common questions of fact and law include, but are not

2    limited to, the following:

3         a.    Whether Defendants breached the terms of the membership

4               agreements;

5         b.    Whether Defendants clearly and conspicuously disclosed that

6               Plaintiff and the Classes would incur additional charges beyond

7               the stated length of the membership period;

8         c.    Whether Defendants unlawfully and unjustifiably obstructed

9               Plaintiff and the Classes attempts to cancel their memberships;

10        d.    Whether Defendants intentionally misrepresented that the 3-day

11              membership cost only $5.95 or concealed the fact that it would

12              charge additional fees;

13        e.    Whether Defendants negligently misrepresented or concealed that

14              the 3-day membership cost only $5.95 or concealed the fact that it

15              would charge additional fees;

16        f.    Whether Plaintiff and members of the Classes suffered harm as a

17              result of Defendants' conduct;

18        g.    Whether Defendants engaged in unlawful, unfair, or fraudulent

19              business practices in violation of Business and Professions Code

20              § 17200 *et seq.*;

21        h.    Whether Defendants' conduct violates the Consumer Legal

22              Remedies Act (Civil Code § 1770 *et seq.*);

23        i.    Whether Defendants engaged in false advertising in violation of

24              Business and Professions Code § 17500 *et seq.*

25        j.    Whether Defendants have been unjustly enriched as a result of

26              charging Plaintiff and the members of the Classes additional fees

27              for unwanted services; and

28

CLASS ACTION COMPLAINT

k.    The nature and extent of damages, restitution and disgorgement, and other remedies to which Plaintiff and the members of the Classes are entitled.

34.    Typicality:  Plaintiff's claims are typical of the claims of the members of the Classes.  Plaintiff and all members of the Classes have been similarly affected by Defendants' common course of conduct which subjected Plaintiff and the Classes to continuity billing, inability to cancel the membership "whenever" as advertised, and charges of additional inadequately disclosed fees.

35.    Adequacy of Representation:    Plaintiff will fairly and adequately represent and protect the interests of the Classes.  Plaintiff has retained counsel with substantial experience in prosecuting complex and class action litigation.  Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the Classes, and have the financial resources to do so.  Neither Plaintiff nor her counsel has any interests adverse to those of the Classes.

36.    Superiority of a Class Action:  Plaintiff and the members of the Classes suffered, and will continue to suffer, harm as a result of Defendants' unlawful and wrongful conduct.  A class action is superior to other available methods for the fair and efficient adjudication of the controversy.  Individual joinder of all members of the Classes is impractical.  Even if individual Class members had the resources to pursue individual litigation, it would be unduly burdensome to the courts in which the individual litigation would proceed.  Individual litigation magnifies the delay and expense to all parties in the court system of resolving the controversies engendered by Defendants' common course of conduct.  The class action device allows a single court to provide the benefits of unitary adjudication, judicial economy, and the fair and equitable handling of all class members' claims in a single forum.  The conduct of this action as a class action conserves the resources of the parties and of the judicial system, and protects the rights of the Classes.  Furthermore, for many, if not

1   all, class members, a class action is the only feasible mechanism that allows them an
2   opportunity for legal redress and justice.

3       37.    Adjudication of individual class members' claims with respect to the
4   Defendants would, as a practical matter, be dispositive of the interests of other
5   members not parties to the adjudication, and could substantially impair or impede the
6   ability of other class members to protect their interests.

7   **FIRST CAUSE OF ACTION**
8   **BREACH OF WRITTEN CONTRACT**
9   **(Against All Defendants)**

10       38.    The preceding paragraphs of this Complaint are realleged and
11   incorporated by reference.  Plaintiff asserts this claim on behalf of herself and the
12   Classes.

13       39.    Valid contracts were formed between Plaintiff and the Classes and
14   Defendants.

15       40.    Defendants made a valid offer to Plaintiff and the Classes for $5.95 for
16   "3 days of full access" to Defendants' website, Roomster.com.

17       41.    Plaintiff and members of the Classes accepted the terms of the offer by
18   performance—i.e., by purchasing 3-day memberships at $5.95, two-week
19   memberships for $14.95 and four-week memberships for $29.95.

20       42.    Defendants breached the agreement by failing to disclose in a clear and
21   conspicuous manner include the following essential terms and conditions:

22       a.    A description of the billing procedure, including the total cost to be
23   charged to the consumer's credit card each month.  Based upon
24   Defendants' prominent disclosures, consumers expected a onetime
25   charge, such as $5.95 charge for a 3-day membership, that would not
26   recur. Instead, Defendants' true billing procedure involved billing
27   consumers $29.95 each month starting on day 4 of the membership.

28

b.   The fact that Roomster would automatically convert the membership without any further action by the consumer.  For instance, the 3 day membership automatically, converted into a 30 day membership without further action by the consumer on day 4.

c.   The billing would continue indefinitely until cancelled by the consumer.

d.   A description of the terms and conditions, and the procedures by which consumers could cancel further billing.

43.   Defendants further breached the agreement by, in fact, charging Plaintiff and the Classes additional fees beyond the bargained for membership prices, obstructing Plaintiff and the Classes' attempts to cancel their memberships, and subjecting Plaintiff and the Classes to continuity billing.

44.   Plaintiff and the Classes have performed all conditions and obligations required of them to perform.

45.   As a direct and proximate result of Defendants' breaches of the agreement, Plaintiff and the Classes have suffered general and special damages, all in a sum to be determined at the time of trial.

## SECOND CAUSE OF ACTION
## FRAUD (IN THE INDUCEMENT AND PERFORMANCE)
### (Against all Defendants)

46.   The preceding paragraphs of this Complaint are realleged and incorporated by reference.  Plaintiff asserts this claim on behalf of herself and the Classes.

47.   **Who:**   Defendants Roomster, SHRIBER and ZAKS made and concealed numerous representations of material facts on their website, Roomster.com.

48.   **What Representation and By What Means:**   The following representations of material fact were made by Roomster: that for just $5.95 Plaintiff and the Classes could purchase "3 days of full access" to Defendants' services.  Of

- 15 -

course, if a representation makes it way to Defendants' website, then it must have been made by someone with authority to act and speak on behalf of Defendants. The following material facts were concealed by Roomster:

a. A description of the billing procedure, including the total cost to be charged to the consumer's credit card each month. Based upon Defendants' prominent disclosures, consumers expected a onetime charge, such as $5.95 charge for a 3-day membership, that would not recur. Instead, Defendants' true billing procedure involved billing consumers $29.95 each month starting on day 4 of the membership.

b. The fact that Roomster would automatically convert the membership without any further action by the consumer. For instance, the 3 day membership automatically, converted into a 30 day membership without further action by the consumer on day 4.

c. The billing would continue indefinitely until cancelled by the consumer.

d. A description of the terms and conditions, and the procedures by which consumers could cancel further billing.

49. **When, Where and to Whom**: Said representation and concealments were made to Plaintiff on or about September 29, 2009, when Plaintiff visited Roomster.com to "sign up" for a membership. Nowhere during the "sign up" process was Plaintiff clearly and conspicuously informed that she would be subjected to continuity billing, unable to cancel the membership, and charged additional fees beyond the $5.95.

50. The representations and concealments made by Defendants, as alleged above, were erroneous, false, and fraudulent and were made by Defendants with the intention and purpose that Plaintiff and the Classes would rely on them and be deceived by them.

51. Defendants knew their misrepresentations were false when made. The factual bases include: (a) Defendants took great measures in designing its website in

- 16 -

such a manner to hide from consumers the fact that each membership would be subjected to additional charges; (b) Defendants subjected Plaintiff and the Classes to continuity billing when Defendants knew that Plaintiff and the Classes had no use for the memberships beyond the term of membership they purchased; and (c) Defendants made it extremely difficult to cancel the memberships by not having customer service representatives, not responding to email inquiries, and not having a working "close account" option.   Hence, at all relevant times, based on their imitational and well-orchestrated conduct, Defendants knew that they were not offering merely a 3-day membership for $5.95 (or a two-week or a four-week) but that such memberships were nothing more than a play to induce Plaintiff and the Classes to purchase a membership which would then be the subject of continuity billing.

52.   **Plaintiff and the Classes' Reliance**:  Plaintiff and the Classes were, in fact, induced to purchase memberships from Roomster. Had Plaintiff known the true facts (that she would be charged additional fees, subjected to continuity billing and unable to cancel), she would not have purchased a membership from Defendants and would not have provided her credit card information to Defendants.

53.   At the time Plaintiff and the Classes acted (i.e., purchased the memberships) they did not know the representations were false and were not aware of the concealed facts, and instead believed they were true.  Plaintiff and the Classes acted in justifiable reliance upon the truth of the representations, especially given that Roomster.com prominently provides a statement, in one form or another, "Roomster - the best service since 2003! Offers the most features & largest community on the web for Roommates, Shares, Apartments & Sublets. A new profile gets added every minute."

54.   As a result of Defendants' aforesaid wrongful acts and omissions, Plaintiff and the Classes have been damaged in an amount to be proven at trial.

55.   Plaintiff and the Classes are also entitled to exemplary and/or punitive damages as a result of acts and omissions by Defendants which were malicious, fraudulent and/or oppressive in nature as those words are defined in Civil Code § 3294.

## THIRD CAUSE OF ACTION
## NEGLIGENT MISREPRESENTATION
### (Against All Defendants)

56.   The preceding paragraphs of this Complaint are realleged and incorporated by reference.  Plaintiff asserts this claim on behalf of herself and the Classes.

57.   In the alternative to the preceding cause of action, Plaintiff alleges that the conduct, representations and concealment of material facts set forth above were done negligently, proximately resulting in injuries and damages to Plaintiff and the Classes, as more fully set forth above.  Said representations were false in that Defendants knew or should have known, and had no reasonable grounds for believing, that those representations were true.

58.   As a result of Defendants' aforesaid wrongful acts and omissions, Plaintiff and the Classes has been injured and damaged in an amount to be proven at trial.

## FOURTH CAUSE OF ACTION
## VIOLATIONS OF THE CONSUMER LEGAL REMEDIES ACT
## (CIVIL CODE § 1770 *ET SEQ.*)
### (Against All Defendants)

59.   The preceding paragraphs of this Complaint are realleged and incorporated by reference.  Plaintiff asserts this claim on behalf of herself and the California Subclass.

60.   Defendants are a "corporation[]" as defined by California Civil Code section 1761(c).  Plaintiff and Class members are "consumers" within the meaning of California Civil Code section 1761(d).

61.   Defendants violated, and continue to violate, the California Consumer Legal Remedies Act ("CLRA") by uniformly and affirmatively representing that consumer could purchase a 3-day membership for $5.95, a two-week membership for $14.95, and a four-week membership for $29.95, when that is not true.  (Civ. Code, §§ 1770(a) (5), (9), (14), (16) and (19).)

62.   Plaintiff and the Class suffered actual damages as a direct and proximate result of Defendants' actions and representations in violation of the CLRA.

63.   Plaintiff, on behalf of herself and for all similarly situated, demand judgment against Defendants under the CLRA for injunctive relief that prevents further (a) forced continuity billing (successive monthly billing), (b) obstruction of attempts to cancel the memberships, and (c) additional inadequately disclosed charges.  In addition, they demand an award of attorneys' fees pursuant to California Civil Code section 1780(d).  Plaintiff will amend this Complaint to include a claim for damages after providing Defendants with the required Civil Code § 1782 notice.

64.   Plaintiff and the Class are also entitled to an award of punitive damages pursuant to the CLRA. (Civ. Code, § 1780(a)(4).)

## FIFTH CAUSE OF ACTION
## VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE
## SECTIONS 17200 *ET SEQ.* AND 17500 *ET SEQ.*
### (Unfair Business Practices and False and Misleading Advertising)
### (Against All Defendants)

65.   The preceding paragraphs of this Complaint are realleged and incorporated by reference.  Plaintiff asserts this claim on behalf of herself and the California Subclass.

66.    This cause of action is brought on behalf of Plaintiff and members of the general public pursuant to California Business and Professions Code section 17200 *et seq.* which provides that "unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code."

67.    The misrepresentations by Defendants in connection with the sale of memberships to Roomster.com constitute untrue and misleading advertising in violation of Business and Professions Code section 17500 *et seq.*

68.    Defendants' above-described deceptive and misleading acts and practices have deceived and/or are likely to deceive Plaintiff and other Class members. Defendants use various packaging materials, forms, and addendums to market, advertise, and to give publicity to the terms and conditions of the Roomster.com memberships, which misrepresented certain of their attributes and characteristics including, but not limited to, promising memberships for set prices, when in fact, Plaintiff and the Classes are subjected to numerous additional fees.

69.    Plaintiff and the Classes were, in fact, deceived as to the terms and conditions of services provided by Defendants.  Had Plaintiff known the true facts (that she would be charged additional fees, subjected to continuity billing and unable to cancel as advertised), Plaintiff would not have purchased a membership from Defendants and would not have provided her credit card information to Defendants.

70.    The actions described herein constitute a violation of California Business and Professions Code section 17200, *et seq.*  Specifically, Defendants have engaged in acts in violation of law, including, but not limited to violations of Business and Professions Code section 17200 *et seq.*, and California Civil Code §§ 1770 (a)(5), (9), (14), (16) and (19).

71.    Plaintiff and Class members have suffered actual harm as a result of Defendants' misrepresentations and/or omissions.  Plaintiff and the Class have

1   suffered injury in fact and have lost money as a result of such unfair and unlawful
2   business practices.  Such injuries and losses include, but are not limited to, paying an
3   additional $29.95 beyond the 3-day period, and incurring successive charges of
4   $29.95 on a monthly basis.

5        72.    In addition, Defendants have realized a profit by charging fees beyond
6   the bargained for services (be it a $5.95 membership, $14.95 membership or $29.95
7   membership) that Plaintiff and the Class did not want or need, to which Plaintiff and
8   the Class are entitled.

9        73.    Plaintiff and the Class seek restitution, injunctive relief and all other
10   relief from Defendants allowed under §17200, *et seq.*  Plaintiff and the Class also
11   seek attorneys' fees pursuant to Cal. Code Civ. Proc. §1021.5, as well as such other
12   and further relief as the Court deems just and proper.

13                          **PRAYER FOR RELIEF**

14        WHEREFORE, Plaintiff and members of the Classes request that the Court
15   enter an order or judgment against the Defendants as follows:

16        1.    Certification of the Class and appointment of Plaintiff as Class
17   Representative and their counsel of record as Class Counsel;

18        2.    Adjudge and decree that each Defendant has engaged in the conduct
19   alleged herein;

20        3.    Enjoin and restrain each Defendant and their officers, agents, servants
21   and employees, and those in active concert or participation with them, from
22   continuing or engaging in such conduct or other conduct having similar purpose or
23   effect;

24        4.    For injunctive relief prohibiting the violations of the Consumers Legal
25   Remedies Act alleged in the complaint unless and until such time as the complaint is
26   amended to include claims for damages pursuant to the notice and time limitations
27   provided for by California Civil Code 1780(b);

28        5.    Award to Plaintiff and the Classes attorneys' fees and other costs of suit

to the extent permitted by law;

     6.    Award general and special damages, according to proof;

     7.    Award of punitive damages;

     8.    Award restitution and all other relief allowed under §17200, *et seq.* to Plaintiff and the Classes; and

     9.    As to all causes of action, such other and further relief as the Court may deem just and proper.

Dated:   August 10, 2010         LAW OFFICES OF THEODORE F. MONROE
                                     LAW OFFICES OF STEVEN S. DERELIAN
                                     SINA LAW GROUP

By: _____
     Theodore F. Monroe
     Attorney for Plaintiff and the Classes

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury in this action.

Dated:   August 10, 2010          LAW OFFICES OF THEODORE F. MONROE
                                  LAW OFFICES OF STEVEN S. DERELIAN
                                  SINA LAW GROUP

                                  By: _____
                                      Theodore F. Monroe
                                      Attorney for Plaintiff and the Classes

CLASS ACTION COMPLAINT